LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Pearl Rountree

> v.

N. F. Johnson

September 30, 1963

Ended File No. A-7672

By JUDGE ALEX H. SANDS, JR.

It appears that two situations may exist in respect to the transcribing by a court reporter of the testimony at trial. These situations are: (a) where the reporter officially reports the case in which case he is sworn (see Rule 1:10) and his notes and any transcript thereof undoubtedly could become incidents of trial and therefore not private property, and (b) where he takes down the testimony unofficially as a mere employee of some interested party.

Under situation (a) "any person interested" is, under the express provisions of Rule 1:10, entitled to obtain a transcript from the reporter "upon terms and conditions to be fixed in each case by the judge." Such interested party is therefore entitled under this rule, as a matter of right, to such transcript upon compliance with the conditions fixed by the judge.

Under situation (b) the Court has no power to order the furnishing of a transcript or the production by the reporter of his notes unless such transcript or notes are such "documents" as contemplated under Code section 8-301. It is not felt that either the reporter's notes or a transcription thereof are docu-

ments, books or writings in contemplation of sec. 8-301.

Subpoena duces tecum would, therefore, not be the proper method of seeking procurement of the notes or transcript in any event.

If the situation falls under category (a) a court order should be requested directing the production by the reporter of the transcript under Rule 1:10 and such order should specify the terms upon which the seeking party shall be entitled to the transcript.

If the situation falls under category (b) the seeking party's only relief would be to summon the reporter as a witness at trial if he contemplates impeachment.

The instant case clearly falls under category (a). The reporter, regardless of by whom employed, was sworn by the Civil Justice Court and officially reported the proceedings and a sketch for order will be entertained directing the reporter to produce and deliver to plaintiff's counsel a copy of the transcript upon payment by plaintiff's counsel of one-half of the per diem charge for the reporter's appearance at trial and if the notes have previously been transcribed, one-half of the charge for the original transcript and the full charge for the copy furnished, or if not yet transcribed, the full charge for the original transcription.